McKNIGHT v. PECOS & TOYAH LAKE IRR. CO. et al. (No. 927.)

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1918. Rehearing Denied Jan. 9, 1919.)

1. CONSTITUTIONAL LAW ⊙⊃80(2)—JUDICIAL POWERS—DELEGATION—BOARD OF WATER ENGINEERS.

Acts 35th Leg. c. 88, §§ 105 and 118 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5011½f, 5011½ll), in so far as they attempt to confer upon the board of water engineers the power to determine and establish the relative rights of claimants to water, violate Const. art. 2, dividing the powers of government, and article 5, § 1, vesting judicial power exclusively in the courts.

2. INJUNCTION ⊙⊃74 — OFFICERS — VIOLATION OF CONSTITUTIONAL RIGHTS — BOARD OF WATER ENGINEERS.

Where the board of water engineers is about to exercise power to adjust petitioner's property rights contrary to his constitutional right to have them adjusted by the courts, he is entitled to injunction.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Petition by C. K. McKnight against the Pecos & Toyah Lake Irrigation Company and others to enjoin proceedings before the Board of Water Engineers. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered granting temporary writ of injunction.

Howard & Cooke, of Pecos, for appellant.
B. F. Looney, Atty. Gen., and C. M. Cureton, Asst. Atty. Gen., for appellees.

HIGGINS, J. On September 14, 1918, appellant, McKnight, presented to the Honorable C. C. Gibbs, judge of the district court of Reeves county, his petition for a temporary injunction. The petition was presented in vacation and the hearing was ex parte. The petition complained of the Pecos & Toyah Lake Irrigation Company, a corporation, and the unknown stockholders and directors thereof, and also of W. T. Potter, C. S. Clark, and John A. Norris, composing the board of water engineers of the state of Texas. A condensed statement of the material allegations of the petition is as follows:

That Potter, Clark, and Norris have issued and published a notice of the holding of a meeting to be held in Ward county, Tex., and in Reeves county, Tex., on the 24th to 26th days of June, 1918, in pursuance of a petition filed with the board by the Pecos & Toyah Lake Irrigation Company, requesting the determination of the rights of various claimants to the waters of the Pecos river,

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that they would commence the taking of testimony in said cause as to the rights of all parties claiming water from said stream or its tributaries on June 24, 1918, at the courthouse in Ward county, and would continue the taking of said testimony until the 25th day of June, 1918, at 5 p. m., and that they would hold a meeting for the taking of testimony in Reeves county on June 26, 1918; that, in pursuance of said purpose, said board of water engineers promulgated and issued alleged rules of procedure and requirements for adjudication and final determination of all water rights in the state of Texas, which read as follows:

"Rules of Procedure and Requirements of the Board of Water Engineers in re the Adjudication and Final Determination of All Water Rights in the State of Texas.

"1. The daily session of the board shall be held in some room or place in the county courthouse of each and every county named in the original order and notice of the board, relative to each respective stream or other source of supply, from 9:00 a. m. to 12:00 m. and from 2:00 p. m. to 5:00 p. m. on each and every day allotted for hearings in each county.

"2. At least one member of the board or the secretary of the board shall be continuously present at the appointed place and time for the purpose of receiving and filing such testimony, records and data as may be presented by each and every claimant of water rights.

"3. The members of the board will make such personal investigations, surveys and measurements and collect such data as, in their judgment, may be necessary for the completion of the record in each case.

"4. All data collected by the board shall be reduced to writing and filed as a part of the record in the case to which it relates.

"5. The data and information collected and filed by the board shall be for the guidance and enlightenment of the board in arriving at a just, equitable and lawful decision on the whole matter, and must not be construed as an act of the board in assisting any claimant to make out his case.

"6. All evidence, testimony and exhibits shall be reduced to writing and filed with the board as a part of the case to which same relates.

"7. No testimony will be taken before the board save and excepting such testimony as the board may; on its own motion, desire to hear, and all such testimony, if any, so taken, shall be reduced to writing and filed as a part of the record of the case to the issues of which it is pertinent.

"8. In case the board desires to take the testimony of any witness or witnesses, relative to any claim of right, the board will furnish the claimant with the name of such witness or witnesses, and it shall be the duty of such claimant to produce the witness or witnesses before the board, and provide for the taking and transcribing of such testimony without expense to the state.

"9. No oral arguments will be permitted during the period designated for the taking and filing of the statements of claims and testimony of claimants; but a written argument or brief may be filed by the claimant or his attorney at any time prior to the date on which the final finding of the board is made.

"10. The board will not permit the filing of any contest until all the claims and the testimony relating thereto have been filed and taken, and until the time is fixed and notice given, as required by statute, for the inspection and examination of the testimony, and the filing of such contest or contests, if any.

"11. The board will not permit any claimant to file any supplemental. * * *"

Plaintiff alleged: That he is the owner of a tract of land situate in Reeves county, which is riparian to the Pecos river and abuts upon the stream and is entitled to the use of the water thereof for irrigation purposes. That said land is entitled to the use of the waters of the Pecos river diverted by the Farmers' Independent Canal Company, by virtue of the appropriation of said company and the riparian character of plaintiff's land. That the Farmers' Independent Canal Company is a mutual corporation, formed for the purpose of diverting water and delivering same to the lands of plaintiff and others under the system entitled thereto, and is owned and operated as a mutual company by plaintiff and the other farmers under the system. That Potter, Clark, and Norris came to Barstow and Pecos on the date specified in the notice, but did not take any testimony or hold any meeting as provided by law and stated they would receive written statements which they would take to Austin and consider in determining and adjudicating the water rights of plaintiff and others in said river, and that at some subsequent time they would issue a decree adjudicating all of said water rights. That no hearing was had such as is contemplated by Vernon's Ann. Civ. St. Supp. 1918, arts. 5011½f to 5011½l, inclusive, in that no testimony was taken at said hearing, as provided in article 5011½hh, but the board merely stated that it would receive such written proofs, verified by affidavit, as parties desired to file. That said proceedings attempted to be held by the defendants are claimed to be proceedings under articles 5011½f to 5011½w. That said acts of the Legislature attempt to confer upon the board of water engineers judicial power to summon witnesses, take testimony, and determine the right of plaintiff and others to the waters of the Pecos river, acquired by their appropriations, but that said acts, so far as they attempt to confer such judicial power and authority upon the board of water engineers, are in violation of the Constitution of the state of Texas and void, and that the hearing and attempted adjudication of plaintiff's property rights by said board is an unlawful and unconstitutional invasion of his rights. That said board is without power to proceed even under said statute, because it is attempting to proceed upon the petition in

the name of the Pecos & Toyah Lake Irrigation Company, which had forfeited its charter on July 2, 1915, for nonpayment of its franchise tax, and that said corporation has never been reinstated, and there is no such person capable of filing said petition, and said proceeding is fictitiously brought to invade the rights of the real users of water from the Pecos river, and the board has no authority to proceed therein; that there are a large number of water users on the Pecos river, taking water from the same, to wit, the plaintiff, the Arno Co-operative Irrigation Company, and other parties, naming them. That said parties are the actual water users from the river. That there are no other persons, firms, or corporations taking or using water from the Pecos river, and the board has no jurisdiction to proceed in said hearing without a petition from some of the water users of said stream, even if said acts be constitutional.

That no such petition has been filed before the board. That the law does not authorize the board to hold said proceeding and to take testimony and enter its decree adjudicating and determining the rights of claimants to the waters of said stream, except upon a petition to the board signed by one or more water users upon the stream, and no such petition has been filed, because the Pecos & Toyah Lake Irrigation Company is defunct, nonexistent, and not a water user from the river. That it has never diverted or used or attempted to divert or use one drop of water from said river and has no means to divert water, and by reason thereof said board is illegally proceeding in said cause. That said board, while at said hearing, announced that they would not consider or respect riparian rights in their determination or adjudication, but only those rights acquired by appropriation and actual use. That plaintiff's rights in said stream are based upon the riparian character of his land. That his land has been irrigated and cultivated from the waters of said stream, and plaintiff is unable to prosecute an appeal as provided in article 5011½mm of said act, for the reason that said river is an extensive water course and there are perhaps 100 people who would file proofs of claim with the board. That the costs of appealing would be prohibitive, and plaintiff would be financially unable, and the provisions for appeal are impracticable and inoperative, because the statute does not provide any method of taxing costs or repayment of costs by the adverse party in case said appeal should be successful. That the costs of appeal are prohibitive, and plaintiff and other riparian landowners would be thereby precluded from prosecuting such appeal. That, if defendants are permitted to proceed with the hearing, the title to plaintiff's water rights will be clouded by the decision and decree of the board, and he will

be irreparably damaged, for which he has no adequate remedy at law. That there has been instituted and is now pending in the District Court of the United States for the Western District of Texas, at Del Rio, Tex., a suit styled Neal S. Doran et al. v. Grandfalls Water & Development Company et al., being No. 2 in equity, to which said suit plaintiff is a party defendant, and all other water users of the Pecos river are parties defendant. That in said suit the following relief is asked for by the plaintiff therein:

"That each of the defendants above named be cited in terms of law to appear herein and set up this claim, or alleged right, title, or interest in and to the waters of the Pecos river aforesaid and its claimed or alleged right to take and appropriate the same for any purpose, and that thereupon such rights, titles, or interest be decreed, determined, and adjudged by this court, and that upon hearing hereof this court adjudge, decree, and determine that the right, title, and interest of the said defendant Imperial Irrigation Company, and of the plaintiffs herein be adjudged, decreed, and determined to be prior in point of time and superior in right and equity to the alleged rights, titles, or interests of the defendants, and each of them.

"That upon hearing hereof it be decreed, adjudged, and determined by this court that the said defendants, and each of them, be perpetually enjoined and restrained from taking, diverting, storing in reservoir, or in any other manner appropriating any of the water flowing in the said Pecos river until and after the said defendant Imperial Irrigation Company has taken and appropriated the amount of water of said river to which it is entitled as aforesaid, and that this court enforce its decree in the premises by appropriate orders, executions, and proceedings in the premises; and may it please your honor to grant unto the plaintiffs a subpœna of the United States of America issuing out of and under the seal of this honorable court directed to the said defendants herein, and each of them, therein and thereby commanding them on a day certain therein to be named and under a certain penalty to be and appear before this honorable court, then and there to answer, but not under oath, an answer under oath being hereby waived, all and singular the premises, and to stand to, perform, and abide by such order, direction, or decree as may be made against them, or either of them, in the premises as shall seem meet and equitable and good conscience."

That there is pending in the district court of Reeves county a suit to which the Ward county irrigation district No. 1 is a party, against the Farmers' Independent Canal Company, to determine the relative rights of said claimants to the waters of said stream. That none of said suits have been referred to the board of water engineers, but are pending in the courts, and in said suits temporary orders have been issued adjudicating temporarily this claimant's rights to the waters of the Pecos river as against said other claimants. That the action of the board will

infringe upon the jurisdiction of the said District Court of the United States and of the district court of Reeves county and of the district court of Ward county in the suits aforesaid, resulting in a multiplicity of suits and contrary decrees and a confusion of the rights of plaintiff and other claimants to the water, and that plaintiff and the other claimants will be unable to obey the decree of court and the board at the same time. That there is no contest between this claimant and any of the other claimants to water upon the Pecos river other than the contest pending in the suits aforesaid. That plaintiff has submitted the matters herein mentioned to the board of water engineers and has requested them to discontinue said hearing, because no proper petition has been filed before them and because said acts are unconstitutional, and has requested the board to postpone its hearing and decision until the board can obtain an opinion from the Attorney General of the state, as provided by law, as to the constitutionality of the act, but that the board has refused such request and is threatening to go ahead with its proceeding, well knowing its decree would be void and unconstitutional, but believing that because of the enormous expense of an appeal, with no provision for repayment therefor, that no party could or would appeal from its decision. That the board is thereby usurping the jurisdiction of this court and other courts in said cause and subjecting plaintiff and other claimants to a multiplicity of suits and great expense without any adequate remedy at law and without any petition of any actual user of water from the Pecos river.

The petition prayed for the issuance of a temporary writ of injunction, restraining the board from entering and filing for record in the records of Reeves county and Ward county its alleged adjudication and decree, affecting the rights of plaintiff and others to the use of the waters of the Pecos river, and that upon final hearing the injunction be made perpetual, and for general relief. The district judge refused to issue the temporary injunction sought, and from the order of refusal this appeal is prosecuted.

Appellant presents the cause to this court upon three main propositions:

1. That the act of the Legislature under which the board of water engineers is attempting to proceed to a final determination and adjudication of plaintiff's property rights, to wit, to the waters of the Pecos river, is in violation of article 2 and section 1 of article 5 of the Constitution of Texas.

2. That, if said act is constitutional, nevertheless said board cannot proceed and put the actual users of water from the Pecos river to the expense of a hearing and consequent appeal, except upon the petition of an actual user of water from the stream, and no such petition being filed, because of the matters alleged with respect to the Pecos & Toyah Lake Irrigation Company, the board is proceeding without authority.

3. That the matters attempted to be adjudicated by the board would be in conflict with the jurisdiction of the District Court of the United States and the district court of Reeves county in the cases pending before said courts, and the act of said board would be infringement upon the judicial power of said courts by an executive branch of the government.

[1] The constitutionality of the act in question is manifestly the main question in this case. The second and third contentions are pertinent only in the event the constitutionality of the law be upheld. A complete revision of the irrigation laws of this state was effected by the provisions of chapter 88, Gen. Laws 35th Leg. p. 211 (Vernon's Ann. Civ. St. Supp. 1918, arts. 4991–5011½w). The proceedings of the board sought to be enjoined are based upon the authority conferred in sections 105 et seq. of the act mentioned. A brief outline of the contents of these sections, material to the question presented, is as follows:

It is provided that upon a petition to the board of water engineers, signed by one or more water users, upon any stream or other source of water supply, requesting the determination of the relative rights of the various claimants to the waters of such streams or other sources of supply, it shall be the duty of the board, if upon investigation they find the facts and conditions are such as to justify, to make a determination of such rights, fixing a time to begin the taking of testimony and the making of such examinations as will enable them to determine the rights of the various claimants. In case suit is brought in any court for the determination of rights to the use of water, the case may, in the discretion of the court, be transferred to the board for determination, as provided in the act. Provision is made for the giving of notice and taking of testimony by the board and where the hearing shall be held. The claimant or owner is required to present in writing to the board all the particulars necessary for the determination of his rights to the waters of the stream or other source of water supply to which he lays claim; and prescribing the information which the statement of the claimant shall contain; provides for its verification; provides for the taking of testimony by the board and the adjournment of its meetings for that purpose from time to time and place to place; and that, upon the completion of the taking of the testimony, notice shall be given by the board to the various claimants that at a time and place to be

named in the notice all of the evidence will be open to inspection of the various claimants or owners and others. Authority is given the board to employ stenographers, hydrographers, and other experts in order to properly perform its duties required by sections 111 to 123, all moneys expended for such purpose to be charged as costs in the proceeding, and providing for its collection; provides for a contest by any one desiring to contest any of the rights of the persons who have submitted evidence, and providing for a hearing of such contest; gives the board the right to issue subpœnas and compel the attendance of witnesses to testify and give evidence, and also confers power upon the board to order the taking of depositions and to issue commissions to take same, in such manner as the board by written rule may provide; and that the witnesses shall receive the same fees as in civil cases, the costs to be taxed as the board may direct; provides that the evidence taken shall be filed as a public document in the office of the board. It is made the duty of the board at the time specified in the notice to make an examination of the stream or other source of water supply and the works diverting water therefrom, prescribing what such examination shall include, and that the observation and measurements required to be made shall be reduced to writing and made a matter of record in the office of the board. It provides further that, as soon as practicable after the compilation of the date and the filing of the evidence in the office of the board of water engineers, "the board shall make and cause to be entered of record in its office, findings of fact and an order of determination, determining and establishing the several rights to the waters of said stream, and where the evidence taken at such hearing as herein provided shall disclose existing water rights not represented at such hearing, said rights shall be included in such findings of fact of said board and shall be likewise determined and established."

A certified copy of such order of determination and findings is to be filed in every county in which the stream or any portion of a tributary is situate, or by which it flows, in the office of the county clerk. It is made the duty of the secretary of the board, upon the final determination of the rights to the waters of any stream or other source of water supply, to issue to each person, association, or corporation represented in the determination, upon the payment of the prescribed fee, a certificate signed by the chairman of the board and attested under the seal by the secretary, setting forth the name and post office address of the owner of the right, the date of priority, extent and purpose of the right, etc. Any party or any number of parties, acting jointly, may take an appeal from the decision of the board to the district court. Provision is made for the manner and form of perfecting an appeal and the filing in the district court of certified copies of the order of determination made by the board from which the appeal is taken, together with copies of all evidence and data offered before the board or prepared by the board. Any appeal so taken to the district court shall be tried de novo in said court. It provides that, in the trial in the district court, testimony taken before the board, maps, plats, plans, and surveys, and all other data, shall be admissible in evidence, and that, after final hearing upon an appeal, the court shall enter a decree affirming or modifying the order of the board of water engineers and assess such costs and apportion the same as it deems just. From the judgment of the district court, provision is made for appeals to the Court of Civil Appeals and Supreme Court, and it is further provided that the determination of the board of water engineers as affirmed or modified on appeal shall be conclusive as to all prior rights and upon the rights of all existing claimants. It is provided that all persons not presenting claims to the board shall be barred after three years, but that nothing in the act shall be held to in any way destroy, infringe, or impair the right of any riparian owner to the use of the water from such stream for domestic purposes and use or for the use of stock, and that it shall not be necessary for the claimant of this right to appear or assert his right to such use, but that the same shall be respected. Nothing in the act is to be considered as a recognition of any riparian right in the owner of any lands, the title to which shall have passed out of the state subsequent to July 1, 1895, nor shall it be construed to alter, affect, impair, increase, destroy, validate, or invalidate any existing or vested right of property existing at the date the act goes into effect. It is further provided that, if any section or provision of the act shall be held unconstitutional, it shall not be held to invalidate any other provision.

This law differs in no material respect from the Wyoming law after which it is modeled. The irrigation law of Nebraska also copies the Wyoming law. Both of those states have constitutional provisions like Texas, vesting judicial power exclusively in the courts. Article 2 of the Texas Constitution provides that:

"The powers of the government of the state of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another; and no person or collection of persons, being one of these departments, shall

exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

Section 1 of article 5 provides that the judicial powers of the state shall be vested in the courts therein specified.

The courts of both Wyoming and Nebraska have upheld the constitutionality of the laws of those states. Those courts hold that the power conferred upon the board of water engineers is not judicial, but quasi judicial, which can lawfully be conferred upon and be exercised by administrative boards.

Our law, in sections 105 and 118, confers upon the board of water engineers the power to determine and establish the relative rights of the various claimants to the waters of streams and other sources of supply. It cannot be questioned that it is a property right which the board is to thus determine and establish by its order. Various issues of fact and questions of law are necessarily involved and must be decided in exercising the power conferred. To this court, it seems clear that, in determining and establishing the relative rights of various claimants to such waters, the board would be exercising a purely judicial function and a judicial power which under our Constitution is vested exclusively in the courts. We cannot agree with the courts of Wyoming and Nebraska that this is merely a quasi judicial power.

The act is therefore held unconstitutional in so far as it attempts to confer this power upon the board. No opinion is expressed as to the legality of any other delegation of power in the act.

[2] Since it appears from the petition that the board is about to exercise this power contrary to appellant's constitutional right to have it exercised by the courts alone, and that his property rights will be affected by any order which the board may make respecting the same, it follows that appellant is entitled to the injunction sought.

The question presented is of great public importance, and its decision involves vast interests. In such cases, it seems to be the established practice of the Supreme Court to grant writs of error and authoritatively establish the law with full discussion of the question. In view of this practice, it seems that no useful purpose is served by the Courts of Civil Appeals in lengthy discussion and elaboration of their views. We therefore refrain from so doing and simply announce our conclusion and the reason upon which it is based.

Reversed, and judgment here rendered that a temporary injunction issue as sought.